HELEN CARNEY, PETITIONER-RESPONDENT, v. JAMES C. CARNEY, PROSECUTOR-APPELLANT.

Argued May 19, 1937—Decided September 22, 1937.

For the appellant, *Herman H. Singer*.

For the respondent, *Leo Ertag* (*Samuel Levin*, of counsel).

The opinion of the court was delivered by

PARKER, J. The action was begun in the Juvenile and Domestic Relations Court of Essex County, by the filing of a complaint by the petitioner-respondent against her husband, charging willful refusal to provide adequate support for herself and their child of four years, "contrary to an act concerning the Juvenile and Domestic Relations Court of 1929, chapter 157, *Pamph. L., p.* 274, and the supplements thereto and amendments thereof, and contrary to the provisions of an act for the settlement and relief of poor, *Pamph. L.* 1924, *ch.* 132, *p.* 252, and the supplements thereto and amendments thereof."

The judge of the Juvenile Court, judging from the language of his opinion, seems to have treated this complaint as containing three counts, the third consisting of the clause relating to the Poor act. He awarded relief on the preceding part of the complaint, adding that it was unnecessary to pass

on the claim that petitioner or the child might become a public charge. It appeared before him that there had been a Chancery suit between the parties (13 *N. J. Mis. R.* 125, decree affirmed in this court, 117 *N. J. Eq.* 559) in which the wife had applied for maintenance under the statute (*Comp. Stat., p.* 2038, § 26), the husband counter-claimed for divorce on the ground of desertion, and both actions were dismissed. When the present case was before the Supreme Court on *certiorari,* that court held that the "adjudications were conclusive of the rights of the parties existing at that time, and *res adjudicata* of any attempt to revive them in any subsequent proceeding." The opinion does not discuss the question whether the situation had substantially changed thereafter, and it seems safe to infer that the court did not think so, in view of the fact that its affirmance of the judgment in the Juvenile Court, with modification as to that amount, is put on the sole ground that there was evidence to support the claim that the wife and child were likely to become a public charge. This fact was not averred in the complaint, though such averment is necessary (*Gedney* v. *Dey,* 44 *N. J. L.* 576); and indeed jurisdictional. *Heller* v. *Brown,* 57 *Id.* 634; *Cohen* v. *Watson,* 58 *Id.* 499. The Supreme Court seems to have gone somewhat out of its way to affirm the right to relief on a ground expressly passed by the trial court, and to make a new finding as to the amount, based, as we view it, not on what is needed for relief of a destitute mother and child in the public interest, but on the support to which they are held entitled according to their station in life. We consider this finding erroneous in law, and the judgment of the Supreme Court is accordingly reversed, so far as relates to the award, and affirmed so far as it declares the Chancery proceeding *res judicata* of the rights of the husband and wife *inter sese.* Whether, under the Juvenile Court act of 1929, a complaint in the public interest may be made by a private person, or must be made by the overseer of the poor, is a question not discussed before us, and not now determined. It would seem that at least he would be a proper party to such a proceeding.

*For affirmance*—None.

